NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  JAGADESHWAR REDDY NOMULA,**
*Appellant*

---

2019-1832, 2019-1833

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 13/089,772, 13/908,992.

---

Decided:  May 12, 2020

---

JUNDONG MA, Jdm Patent Law PLLC, Columbia, MD, for appellant.

MONICA BARNES LATEEF, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu.  Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, MEREDITH HOPE SCHOENFELD.

---

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Jagadeshwar Reddy Nomula filed U.S. Patent Application Nos. 13/908,992 and 13/089,772, which claim systems and methods for recommending gifts using Internet-based information of the gift recipient. The examiner rejected all pending claims as unpatentable for obviousness, and the Board upheld the examiner's obviousness rejections. We affirm.

I

The '992 application is a continuation of the '772 application. The applications claim methods and systems for recommending to a first social-network user gifts for a second user of the same social network based on information about social networking or ecommerce activity of the latter (the "recipient"). Use of the claimed systems or methods begins with authentication of the user's own membership in an online social network. Then a first element—a user interface—allows the user to select a friend in that social network as a gift recipient. A second element collects and aggregates the recipient's social networking or ecommerce activity information and analyzes it in order to recommend potential gifts for that person.

Claim 1 of the '992 application and claim 21 of the '772 application are representative for purposes of the appeal:

1. A method, performed by a computer system, for recommending to a first user of targeted gifts for a second user in an online social network of the first user, the first user operating a user terminal, the online social network of the first user established through a social networking platform communicable to both the computer system and the user terminal, the computer system having access to a database storing ecommerce activity information of each of a plurality of system users, the ecommerce activity information of each user adapted to identify prior activities which the respective user has conducted on at least one

ecommerce website coupled to the database, the method comprising steps of:

sending, by the computer system, a first set of instructions to the user terminal for the user terminal to display a first user interface (UI), the first UI containing one or more UI elements allowing the first user to authenticate to the social networking platform using the first user interface as a way for the first user to sign-up with or authenticate into the computer system;

receiving, by the computer system, social network information of the first user from the social networking platform after the first user successfully authenticates to the social network platform, the received social network information including information about the second user;

sending, by the computer system, a second set of instructions to the user terminal for the user terminal to display a second UI, the second UI listing the second user as a selectable recipient for receiving one or more gift items from the first user;

receiving, by the computer system, selection information from the user terminal, the selection information indicating that the second user is selected by the first user as a recipient to receive one or more gifts from the first user;

receiving, by the computer system, social network information of the second user from the social networking platform,

determining, by the computer system, whether the database stores ecommerce activity

information of the second user as one of the plurality of system users, using the received social network information of the second user;

retrieving, when ecommerce activity information of the second user is determined to be present in the database, ecommerce activity information of the second user, and deciding one or more potential gift items for the second user using at least the retrieved ecommerce activity information of the second user; and

sending, by the computer system, a third set of instructions to the user terminal for the user terminal to display a third UI, the third UI listing the decided one or more potential gift items as selectable for purchase for the second user.

J.A. 401–02.

21. A method, performed by a computer system, for recommending to a first user of targeted gifts for a second user linked to the first user through a first online social networking platform, the first user operating a user terminal, the user terminal comprising a network-capable computing device having a display screen to display graphical user interfaces, the first online social networking platform having at least one server adapted to perform online social networking services for users thereof, the computer system comprising a processor, a system memory, and a network interface device (NID) adapted to enable the computer system to communicate to both the user terminal and the first online social networking platform, the method comprising the steps of:

sending, by the computer system, a first set of instructions to the user terminal for the user terminal to display a first user interface (UI), the first UI enabling the first user to authenticate to the first online social networking platform as a way for the first user to sign-up with or authenticate into the computer system;

receiving, by the computer system, social network information of the first user from the first online social networking platform after the first user successfully authenticates to the first online social networking platform, the received social network information including information about friends in a social network of the first user in the first online social networking platform;

sending, by the computer system, a second set of instructions to the user terminal for the user terminal to display a second UI, the second UI enabling the first user to select one or more friends in the first user's social network for whom the first user wishes to purchase one or more gifts;

receiving, by the computer system, giftee selection information from the user terminal, the giftee selection information indicating that the second user is among the selected one or more friends for whom the first user wishes to purchase one or more gifts;

receiving, by the computer system, aggregated social network information of the second user aggregated from one or more online social networking platforms;

> processing and analyzing, by the computer system, the received aggregated social network information of the second user, and recommending one or more potential gift items for the second user using the received aggregated social network information of the second user; and
>
> sending, by the computer system, a third set of instructions to the user terminal for the user terminal to display a third UI, the third UI presenting the recommended one or more potential gift items as selectable by the first user for purchase for the second user.

J.A. 921–22.

The examiner rejected pending claims 1–4, 6–14, and 16–22 of the '992 application and pending claims 21–32 and 39–46 of the '772 application as unpatentable for obviousness. As relevant in this appeal, the examiner relied on the combination of U.S. Patent Publication No. 2008/0189188 (Morgenstern) and U.S. Patent Publication No. 2008/0294624 (Kanigsberg).[1] Nomula appealed the examiner's rejections to the Board pursuant to 35 U.S.C. § 134(a).[2]

The Board affirmed the examiner's obviousness rejections. *Ex parte Nomula*, No. 2017-011126, 2019 WL 1255499, *7–12 (P.T.A.B. Feb. 25, 2019) (*'992 Decision*); *Ex*

---

[1]    Although the examiner also relied on U.S. Patent Publication No. 2009/0222329 (Ramer) in rejecting some claims, Nomula has made no arguments to this court about that reference, so we do not address it.

[2]    The examiner also rejected the same claims under 35 U.S.C. § 101, but the Board reversed those rejections. No § 101 issue is before us.

*parte Nomula*, No. 2017-011325, 2019 WL 1255500, *7–10 (P.T.A.B. Feb. 25, 2019) (*'772 Decision*); J.A. 14–25, 39–45.[3] The Board agreed with the examiner that Morgenstern and Kanigsberg together teach all claim elements relevant to Nomula's present appeal. The Board found that Morgenstern teaches a system that allows a user to input the name of a recipient into a gift module, which, after verifying that the recipient is a member of an online social network, recommends gifts ("assets") for the recipient. *'992 Decision*, 2019 WL 1255499, at *8; J.A. 17–18 (citing J.A. 1025, 1027, 1030, 1043–46). The Board also found that the Morgenstern system displays gifts already received by the recipient so that the user can choose to give either accessories for a displayed gift (*e.g.*, headphones if the recipient has an IPOD) or a non-duplicative gift. *'992 Decision*, 2019 WL 1255499, at *9; J.A. 19–20 (citing J.A. 1041, 1044); *see* J.A. 1025–26, 1030–31. Additionally, Morgenstern discloses making gift recommendations based on the recipient's known affinity for certain assets. *'992 Decision*, 2019 WL 1255499, at *8; J.A. 17–18 (citing J.A. 1044).

The Board further found that Kanigsberg teaches using a social-network user's social networking or ecommerce activity information to make recommendations. *'992 Decision*, 2019 WL 1255499, at *10; J.A. 20. Kanigsberg describes a system and method for generating advertising recommendations, including in an ecommerce environment, based on interest information, keyword terms, and prior product ratings from users' social-networking profiles. *Id.* (citing J.A. 1096); *see* J.A. 1050, 1099. The Board found that combining Morgenstern with Kanigsberg would yield "no more than a predictable result to one skilled in the art" and would teach all claim elements relevant to

---

[3]    The Board's decisions are substantively the same for purposes of this appeal. For simplicity, we cite only the '992 Decision.

Nomula's appeal.[4] *'992 Decision*, 2019 WL 1255499, at \*10; J.A. 20.

Nomula timely appealed the Board's decisions to this court under 35 U.S.C. § 141(a), and we consolidated the appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## II

"We review the Board's ultimate obviousness determination de novo and underlying factual findings for substantial evidence." *In re Varma*, 816 F.3d 1352, 1359 (Fed. Cir. 2016). Among the factual determinations in an obviousness analysis are "findings as to the scope and content of the prior art." *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1364 (Fed. Cir. 2015).

Nomula argues that the Board lacked substantial evidence to find that the combination of Morgenstern and Kanigsberg discloses (1) a user interface allowing a user to select a recipient in the user's social network, (2) collecting and using the recipient's aggregated social networking or ecommerce activity information to recommend gifts for the recipient, and (3) determining whether the recipient's aggregated information is stored in a database. We disagree.

There is substantial-evidence support for the Board's finding that Morgenstern teaches what Nomula identifies as the first claimed element—a user interface that allows a user to select a gift recipient in the user's social network.[5]

---

[4]    Nomula does not challenge the Board's finding of a motivation to combine Morgenstern with Kanigsberg with a reasonable expectation of success, so we do not discuss that aspect of the Board's analysis.

[5]    Nomula notes several claim limitations implicating this first element, though he identifies only the following limitations as "key": "receiving . . . social network information of the first user from the social networking

*See '992 Decision*, 2019 WL 1255499, at \*8; J.A. 17–18. Morgenstern starts from the premise that users have devices that "are coupled to a social network provider . . . via a communications network." J.A. 1042. Morgenstern's Figure 6 and corresponding description teach a "recipient window . . . configured to receive an identity of a recipient user" in which the gift-giving user "enters a name of the recipient user" and the system "verifies the recipient user . . . as a member of the social network environment." J.A. 1045; J.A. 1030 (showing a recipient window 610). The system includes a "gift display window" from which the user can choose a gift to deliver to the selected recipient. J.A. 1045–46; J.A. 1030 (showing "an assortment of gifts 640" in display window 620).

There is likewise substantial-evidence support for the Board's findings that the prior art discloses what Nomula identifies as the second and third elements. The second element is the collection and aggregation of information about the recipient's social networking or ecommerce activity to use for recommending a gift for the recipient.[6] *See*

---

platform," "listing the second user as a selectable recipient," and "receiving . . . selection information from the user terminal, the selection information indicating that the second user is selected by the first user as a recipient to receive one or more gifts from the first user." Appellant's Br. 9–10. Nomula makes no distinctions among these limitations in his argument about what he treats as the first element.

[6]    Nomula again identifies several claim limitations implicating this second element: "receiving . . . social network information of the second user from the social networking platform," "retrieving, when ecommerce activity information of the second user is determined to be present in the database, ecommerce activity information of the second user," and "sending . . . a third set of instructions to the

*'992 Decision*, 2019 WL 1255499, at *9–10; J.A. 18–20. The third is determining whether the gift recipient's social networking or ecommerce activity information exists in a database along with other users' information. The evidence for these elements is usefully discussed together.

The prior art teaches collecting and aggregating the recipient's social networking or ecommerce activity information. Morgenstern discloses that users of social networking platforms "provid[e] information about the user to a social network website for access by the other users." J.A. 1041. This information includes "current job position, hobbies," and "information about gifts received, gifts given, purchases made, etc." *Id.* Kanigsberg similarly discloses collecting and analyzing a user's interests, including "movies, music[,] books," and "[r]atings for products." J.A. 1096.

The prior art likewise discloses using the recipient's aggregated social networking or ecommerce activity information to recommend gifts. Morgenstern discloses recommending gifts based on the "affinity of the recipient." J.A. 1044. Morgenstern also teaches the use of a "gift box" that displays "digital assets received as gifts by a recipient." J.A. 1041, 1044; *see* J.A. 1025–26, 1030–31. This information is social networking or ecommerce activity information[7] that indicates which assets the recipient

---

user terminal for the user terminal to display a third [user interface]" in order to recommend gifts for purchase. Appellant's Br. 13. Nomula makes no distinctions among these limitations in his argument about what he treats as the second element.

[7] Nomula does not challenge the Board's determination that "ecommerce activity information" is "information indicative of [a] user's ecommerce activities on an ecommerce website." *See '992 Decision*, 2019 WL 1255499, at *9; J.A. 19 (emphasis removed).

already has and suggests limitations on the choice of gifts. *See* J.A. 1041 (when a recipient has an "IPOD" icon, "a second IPOD would probably not be an appropriate gift, while IPOD accessories and tunes might be appropriate gifts"), 1044. There is substantial evidence for the Board to find that the recipient's aggregated information is used in gift recommendations.

Kanigsberg more explicitly discloses making recommendations based on social networking and ecommerce activity information. It discloses making advertising recommendations "based on some information about the user's profile" and the user's "past behavior in conjunction with other users of the system," including all users' "[r]atings for products." J.A. 1096. As the Board found, Kanigsberg's analysis of a user's behavior and the behavior of other users—including product ratings—discloses using social networking and ecommerce activity information to make recommendations. *'992 Decision*, 2019 WL 1255499, at *10; J.A. 20 (citing J.A. 1096).

Further, in Kanigsberg, "user data [is] stored in [a] database" that is accessed to generate advertising recommendations for a user based on the stored data. J.A. 1099; *see* J.A. 1054 (showing "Data repository 315"), 1096, 1101 (describing "Database Construction and Population"). As the Board found, "Kanigsberg explicitly discloses statistically comparing a user's personal ratings to the collaborative set of ratings [from other users] to form recommendations." *'992 Decision*, 2019 WL 1255499, at *10; J.A. 20. The Kanigsberg system, therefore, determines whether the user's data is stored in a database so that the data can be compared to other users' information in order to make recommendations. Substantial evidence supports the Board's conclusion that Kanigsberg, in combination with

Morgenstern's gift-giving platform, discloses the second and third elements.[8]

### III

For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

---

[8]    The Director argues that Nomula failed to preserve, before the Board, several of the arguments presented in Nomula's opening brief.  Because we find that substantial evidence supports the Board's decision, we do not address these waiver arguments.